## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

UNITED STATES OF AMERICA      CRIMINAL NO. 3:25-cr-25

VERSUS      Judge Doughty

CARSON McKOIN      Magistrate Judge McCluskey

<u>REPLY TO UNITED STATES OPPOSITION
MEMORANDUM TO DEFENDANT'S APPEAL OF THE
MAGISTRATE JUDGE'S DETENTION ORDER</u>

MAY IT PLEASE THE COURT:

USA IMPROPERLY ASSIGNS THE BURDEN OF PERSUASION TO THE DEFENDANT AND HAS FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE NO CONDITION OF BAIL WOULD PREVENT DEFENDANT FROM BEING A DANGER

The United States of America throughout its Opposition Memorandum reiterates without cite to jurisprudence or statutory law that the Defendant carries the burden of persuasion in overcoming the presumption of detention and this Defendant failed to meet that burden. That ignores the controlling jurisprudence regarding presumption in favor of detention cases under the Bail Reform Act reveals the proper burden born to the Defendant is to produce some quantum of evidence to rebut the presumption. *See Hare*, 873 F.2d at 798-99; *Fortna*, 769 F.2d at 251. The facts as detailed in the Defendant's Original Memorandum, along with the

accompanying 137-page transcript of the nearly three-hour Detention hearing, show the Defendant met the burden to produce some quantum of evidence to rebut the presumption. *Id.* One notable and significant production of evidence tending to rebut the presumption occurred when Mr. McKoin's attorney cross-examined the government's case agent, eliciting testimony that the FBI has no basis to consider Mr. McKoin a danger to the public. Tr. 51. In addition, Mr. McKoin's attorney elicited testimony that he has complied with all conditions of release for more than a year, has no history of violence, peacefully turned himself in at the time and place arranged with the FBI, and has a supportive family who will gladly assist the court in enforcing any conditions of release. Tr. 17–19, 50–53, 98–100.

In this case, after *de novo* analysis of the Section 3142(g) factors and the evidence presented at the detention hearing, it is clear that Mr. McKoin overcame the presumption against release and that there are conditions that can be fashioned to "assure the appearance [Mr. McKoin] and the safety of any other persons and the community." 18 U.S.C. § 3142(e)(1).

The history and characteristics of the defendant show him to be a person with minimal criminal history, none of it violent. Tr. 101–102; 18 U.S.C. § 3142(g)(3)(A). He has long ties to the community, no history of mental illness, strong family ties, and an unblemished record of complying with conditions of release. *See* 18 U.S.C. § 3142(g)(3)(A). There is simply nothing to suggest that conditions, such as surrendering any firearms combined with a condition not to possess firearms, would not continue to accomplish what has *already* been happening for more than a year

while the government decided whether this case was serious to merit federal prosecution. Mr. McKoin has been out on conditions, faithfully abiding by all rules imposed on him, for more than a year. The government's own FBI case agent testified that based on his knowledge of reviewing the case file and from personally interacting with the Defendant he has no basis on which to believe that Mr. McKoin poses any danger to any member of the community. Tr. 51. Given the government's burden of proving by clear and convincing evidence that *no* condition or combination of conditions can assure the safety of the community, the Bail Reform Act requires that Mr. McKoin be released.

WHEREFORE, DEFENDANT, CARSON McKOIN, PRAYS that this Court reverse the Magistrate Judge's decision ordering his detention and order his release on bond with appropriate conditions.


RESPECTFULLY SUBMITTED,

/s/ Devin T. Jones

DEVIN T. JONES LBR #33912
Attorney for Carson McKoin
609 NORTH 5TH STREET
MONROE, LA 71201
318-516-3555 Office
jones@erasemyarrest.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing Defendant's Reply Brief ot the United States Opposition to Defendant's Appeal of Magistrate Judge's Detention Order has been filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system

On this the 30th day of March, 2025.


BY: /s/ Devin T. Jones

     Devin T. Jones LBR# 33912
     Attorney for Defendant, Carson McKoin