UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**            **CASE NO. 3:25-CR-00025-01**

**VERSUS**                              **JUDGE TERRY A. DOUGHTY**

**CARSON MCKOIN (01)**                  **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Before the Court is a Motion in Limine filed by the United States of America (the "Government") [Doc. No. 36]. Defendant, Carson McKoin ("McKoin") filed a Response [Doc. No. 42]. The Government filed a Reply [Doc. No. 45].

For the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART.**

**I. BACKGROUND**

McKoin was indicted by a federal grand jury on February 5, 2025, that charged him on two counts in violation of 18 U.S.C. §§ 111(a)(1) & (b) and 18 U.S.C. § 924(c)(1)(A)(iii).[1] Count One refers to assualting, resisting, or impeding certain officers or employees, whereas Count Two refers to the discharge of a firearm during a crime of violence.[2] Trial is this matter is set for April 25, 2025.

On April 7, 2025, the Government submitted the present Motion requesting that the Court prohibit any reference to the potential penalties McKoin may face and the use of jury nullification as a defense.[3]

The issues have been briefed, and the Court is prepared to rule.

---

[1] [Doc. No. 1].
[2] [Id.].
[3] [Doc. No. 36].

## II.   LAW & ANALYSIS

### A.  Standard of Review

Motions in limine permit courts to rule before trial on the admissibility and relevance of certain forecasted evidence. *Coates v. TNT Crane & Rigging, Inc.*, No. MO:22-CV-00018-DC, 2023 WL 11915701, at *1 (W.D. Tex. June 7, 2023). Granting the motion bars parties from mentioning or alluding to evidence so highly prejudicial that a timely motion to strike or a jury instruction to disregard the evidence cannot overcome its prejudicial influence on the jurors' minds. *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n. 1 (5th Cir. 1977).

Courts should only exclude evidence that is "clearly inadmissible on all potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020). However, motions in limine are frequently made abstractly and in anticipation of a "hypothetical circumstance" that may never develop at trial. *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980). Thus, a ruling on a motion in limine is not a final ruling on the admissibility of the evidence but rather an opinion that is speculative in effect. *Luce v. United States*, 469 U.S. 38, 41 (1984). In other words, the ruling may change when the case unfolds, and the Court may alter a previous ruling. *Id*.

Although the defendant is allowed to present his theory of defense to the jury, "some relevant factual basis for the defense should exist under the Federal Rules of Evidence 401 and 402 before evidence or testimony is offered." *United States v. Thompson*, 25 F.3d 1558 at 1564 (11th Cir. 1994); *see also United States v. Wiman*, 77 F.3d 981, 985 (7th Cir. 1995).

### B.  Potential Penalties

The Government contends that McKoin should not be permitted to inform the jury of any potential penalties or hardships he may face if convicted.[4] McKoin does not oppose this position

---

[4] [Doc. No. 36].

and acknowledges that penalties and hardships resulting from a criminal conviction are generally not matters for the jury's consideration.[5]

Both parties agree that "the jury [has] no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975).

Accordingly, the Government's Motion to preclude such references is unopposed and is therefore **GRANTED**.

### C. Jury Nullification

The Government states that neither McKoin, nor his counsel may introduce irrelevant testimony, evidence, or argument intended to encourage jury nullification.[6] In response, McKoin argues that the Government's attempts to exclude references to his age and the absence of injuries cannot be "shoe-horned into a motion on jury nullification."[7]

#### i. Age

Although somewhat unclear, the Government appears to request that the Court prohibit McKoin from stating that he is a "young college student," arguing such characterization could encourage jury nullification.[8] McKoin opposes "to the extent that the Government seeks to preclude evidence of McKoin's age. . ."[9] The Court agrees with McKoin in that there is no bar precluding McKoin or his attorney from stating his age, and that at this time, there is no indication of jury nullification. Thus, the Government's Motion on this matter is **DENIED**.

---

[5] [Doc. No. 42].
[6] [Doc. No. 36, p.2].
[7] [*Id*. at p. 5].
[8] [*Id*. at p. 2].
[9] [Doc. No. 42, p. 4].

3

The Court acknowledges the Government's concern that McKoin might use his age to attain sympathy from the jury. McKoin's age cannot be used to evoke sympathy or invite prejudice from the jury, as this would amount to jury nullification, and the Court will remain vigilant in ensuring this does not occur. Therefore, the Court seeks to clarify that if McKoin attempts to pursue a jury nullification defense, it will intervene. Counsel is also encouraged to make a specific and timely objections during trial. The defendant may not invite or encourage the jury to disregard its duty to apply the law as instructed by the Court. *United States v. Thompson*, 253 F.3d. 700, 2001 WL 498430, at *16 (5th Cir. Apr. 9, 2001) ("Jury nullification is not a 'right' belonging to the defendant."). *See also United States v. Rainone,* No. 09-CR-206, 2013 WL 389004, at *2 (N.D. Ill. Jan.31, 2013) (holding that evidence or argument of the defendant's age, health or family is prohibited as it is offered to invoke sympathy).

Moreover, in Reply, the Government argues that youth is not a pertinent character trait.[10] At this juncture, the Court is uncertain how and in what context character evidence and age may come up at trial. Therefore, the Court feels it is best to handle this issue on a question-by-question basis at trial.  Accordingly, the Motion as to this issue is **DENIED** at this time.

### ii. Absence of Injury

The Government contends that McKoin cannot use the absence of apparent injuries from the shooting as a basis for jury nullification. In other words, the Government seems to assert that an absence of injury argument would only be offered to induce jury nullification as forcible assault does not require bodily injury.[11] McKoin argues that it is anticipated that the Government's witnesses will testify that being "peppered" with shots is not uncommon. Additionally, the Government has provided an expert witness who will testify regarding the "pattern, spread and

---

[10] [Doc. No. 45].
[11] [Doc. No. 36, p. 2].

4

density" of the shot. Moreover, litigation thus far has revealed a significant discrepancy concerning the distance between McKoin and the agents when the shots were fired. In Reply, the Government argues that testimony as to the absence of injury would require an expert. The Court agrees with McKoin.[12]

As mentioned earlier, it is not yet clear that McKoin intends to use the absence of injury argument to provoke jury nullification. McKoin is correct in his assertions regarding how absence of injury may relate and provide context regarding being "peppered," the "pattern, spread, and density" of the shot, and the discrepancy of distance. Further, one of the elements the Government is required to prove is intent, and the absence of injury is a factor the jury may consider in determining whether McKoin acted with the required intent. Consequently, the Government's Motion on this matter is **DENIED**.

The Court reaffirms its position on jury nullification as stated previously. To the extent the Government believes McKoin may be attempting to pursue a jury nullification defense, counsel is encouraged to raise a specific and timely objection during trial.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Government's Motion in Limine [Doc. No. 36] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Government's Motion is **GRANTED** as to any reference of potential penalties McKoin faces.

**IT IS FURTHER ORDERED** that the Government's Motion is **DENIED** to the extent it seeks to preclude McKoin or McKoin's counsel from stating his age and the absence of injury.

---

[12] [Doc. No. 45].

MONROE, LOUISIANA, this 16th day of April, 2025.

                                                                                _____
                                                                                        Terry A. Doughty
                                                                                  United States District Judge