# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:25-CR-00025-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CARSON MCKOIN (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## ORDER

Before the Court is Motion for Release from Custody After Mistrial [Doc. No. 51] filed by Defendant Carson McKoin ("Defendant"). The Government filed a Response in Opposition [Doc. No. 68].

Defendant requests the Court to order his release on bond with appropriate conditions, pending the Government's determination regarding a potential retrial.[1] Specifically, Defendant asserts that although he was previously detained pending trial, his current status—awaiting a potential retrial—warrants reconsideration under 18 U.S.C. § 3142.[2] The Government claims that Defendant has failed to rebut a presumption of detainment, and no set of conditions assures the safety of the community.[3]

A defendant shall be released before trial unless the court finds after a detention hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other persons and the community." 18 U.S.C. § 3142(e)(1). The rebuttable presumption of 18 U.S.C. § 3142(e) shifts only the burden of producing rebutting evidence to the defendant, not the burden of persuasion. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). "The [detention] hearing may be reopened, before or after a determination by

---
[1] [Doc. No. 51].
[2] [Id.].
[3] [Doc. No. 68].

1

the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The factors to be considered include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence … or involves a … firearm …
> (2) the weight of the evidence …
> (3) the history and characteristics of the person, including—
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

As determined by the Magistrate Judge during the detention hearing, acknowledged by the Government, and affirmed by the Court in its order on appeal, risk of flight is not a concern in this case. The sole issue presently before the Court is whether Defendant poses a danger to any individual or the community at large.

The Court finds that after hearing the evidence presented at trial, Defendant has rebutted the presumption of detention, and 18 US.C. § 3142(g) factors weigh in Defendant's favor in ensuring he is not a danger to the community. While the offense charged is a crime of violence, this factor is outweighed by several other factors. Specifically, the trial began on April 25, 2025,

and ended with a hung jury, which reflects the strength of the evidence against Defendant. Further, Defendant has a minimal criminal history—none of which is violent and has complied with all conditions of release before the pretrial detention. Further, Defendant has established long ties to the community and shows no history of mental illness. As demonstrated during the trial, Defendant has strong family connections who appear ready to support and assist him while awaiting the Government's decision on whether to retry this case. Moreover, the Court concludes that there are conditions which can ensure the safety of the community.

**IT IS ORDERED** that Defendant's Motion [Doc. No. 51] **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant is released on a $50,000 unsecured bond with supervision and certain conditions as outlined in the Order Setting Conditions of Release. Defendant shall report to the U.S. Probation Office by 10:00 a.m. on Tuesday, May 6, 2025, to sign said bond.

MONROE, LOUISIANA, this 5th day of May, 2025.

Terry A. Doughty
United States District Judge