**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:25-CR-00025-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CARSON MCKOIN (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Before the Court is a Motion in Limine filed by the United States of America (the "Government") [Doc. No. 101]. Defendant, Carson McKoin ("McKoin") filed a Response [Doc. No. 105].

For the reasons stated below, the Motion is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART**.

## I. BACKGROUND

McKoin was indicted by a federal grand jury on February 5, 2025, that charged him on two counts in violation of 18 U.S.C. § 111(a)(1) & (b) and 18 U.S.C. § 924(c)(1)(A)(iii).[1] On April 25, 2025, a trial was held, and on April 30, 2025, a mistrial was declared.[2] On July 15, 2025, the Government filed a superseding indictment that charged McKoin of two counts.[3] Count One refers to assualting, resisting, or impeding certain officers or employees, whereas Count Two refers to the

[1] [Doc. No. 1].
[2] [Doc. No. 62].
[3] [Doc. No. 93].

possession of a firearm during a crime of violence.[4] Trial is this matter is set for August 24, 2026.

On August 17, 2026, the Government submitted this Motion, requesting that the Court prohibit the defense from presenting irrelevant matters sounding in jury nullification, that the defense be precluded from raising McKoin's supposed "good character, and that the defense be precluded from eliciting hearsay as a means to vouch for the truthfulness of witnesses' credibility.[5]

The issues have been briefed, and the Court is prepared to rule.

## II. LAW & ANALYSIS

### A. Standard of Review

Motions in limine permit courts to rule before trial on the admissibility and relevance of certain forecasted evidence. *Coates v. TNT Crane & Rigging, Inc.*, No. 22-18, 2023 WL 11915701, at *1 (W.D. Tex. June 7, 2023). Granting the motion bars parties from mentioning or alluding to evidence so highly prejudicial that a timely motion to strike or a jury instruction to disregard the evidence cannot overcome its prejudicial influence on the jurors' minds. *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n. 1 (5th Cir. 1977).

Courts should only exclude evidence that is "clearly inadmissible on all potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020). However, motions in limine are frequently made abstractly and in anticipation of a "hypothetical circumstance" that may never develop at trial. *Collins v. Wayne Corp.*,

---

[4] [Id.].
[5] [Doc. No. 101].

621 F.2d 777, 784 (5th Cir. 1980). Thus, a ruling on a motion in limine is not a final ruling on the admissibility of the evidence but rather an opinion that is speculative in effect. *Luce v. United States*, 469 U.S. 38, 41 (1984). In other words, the ruling may change when the case unfolds, and the Court may alter a previous ruling. *Id.*

Although the defendant is allowed to present his theory of defense to the jury, "some relevant factual basis for the defense should exist under the Federal Rules of Evidence 401 and 402 before evidence or testimony is offered." *United States v. Thompson*, 25 F.3d 1558 at 1564 (11th Cir. 1994); *see also United States v. Wiman*, 77 F.3d 981, 985 (7th Cir. 1995).

**B. Jury Nullification**

The Government states that McKoin may not introduce irrelevant testimony, evidence, or argument intended to encourage jury nullification.[6] Specifically, the Government seeks to preclude any evidence or arguments relating to McKoin's state charges, the issue of punishment, or arguments relating to McKoin's age.[7]

**1. State Charges & Punishment**

McKoin concedes that, if he were acquitted of a state charge, he would be precluded from presenting or arguing evidence of that acquittal.[8] McKoin nevertheless contends that the state charge remains pending and, therefore, argues that the issue is not ripe for consideration.[9] The Court agrees that evidence of an acquittal may not be presented to or argued before the jury. Accordingly, to the extent

---

[6] [Id. at p. 2].
[7] [Id.].
[8] [Doc. No. 105, p. 3].
[9] [Id.].

an acquittal occurred, the Motion would be granted. However, because there is no evidence of an acquittal before the Court, the Motion as to this issue is **DENIED AS MOOT**.

As to excluding any argument regarding punishment from the jury, the Court and McKoin agree. The Court has also previously addressed this issue in its prior ruling and hereby adopts the holdings set forth therein.[10] Accordingly, the Government's Motion to preclude such references is **GRANTED**.

**2. Age**

The Court adopts its ruling on the prior motion in limine concerning McKoin's age and the applicable punishment.[11] The Court agrees with McKoin in that there is no bar precluding McKoin or his attorney from stating his age, and that at this time, there is no indication of jury nullification. However, the Court acknowledges the Government's concern that McKoin could use his age to attain sympathy from the jury. McKoin's age cannot be used to evoke sympathy or invite prejudice from the jury, as this would amount to jury nullification, and the Court will remain vigilant in ensuring this does not occur. However, because there has been no evidence of such, the Court feels it is best to handle this issue on a question-by-question basis at trial. The Motion as to this issue is **DEFERRED** at this time.

**C. Good Character**

---

[10] [Doc. No. 48].

[11] [Id.].

The Government seeks to preclude specific instances of good conduct or reputation as character evidence because it is impermissible under Rule 405.[12] McKoin argues that the Government's request for relief is premature and should be denied.[13] Rule 405 states that when "evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct." FED. R. EVID. 405.

The Court finds that this issue is more appropriately addressed at trial. Accordingly, the Motion as to this issue is **DEFERRED** until trial.

### D. Truthfulness of Witness

Lastly, the Government argues that the defense should be prohibited from eliciting or introducing hearsay concerning the veracity of a witness.[14] McKoin asserts that he "does not oppose any objection to Special Agent Kaplan's statements being proffered through hearsay but believes those objections in the government's motion are premature, subject to conduct at trial wherein the FRE require contemporaneous objection at the time the testimony is elicited or recited but does not oppose the government's requested relief to limit hearsay proffer of those statements of Special Agent Kaplan through any other witness than Special Agent Kaplan."[15]

---

[12] [[Doc. No. 101, p. 5].
[13] [Doc. No. 105, p. 4].
[14] [Doc. No. 101, p. 8].
[15] [Doc. No. 105, p. 4].

The Court finds that this issue is more appropriately addressed at trial. Accordingly, the Motion as to this issue is **DEFERRED** until trial.

## III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Government's Motion in Limine [Doc. No. 101] is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART.**

**IT IS FURTHER ORDERED** that the Government's Motion is **GRANTED** as to any reference to potential penalties McKoin faces.

**IT IS FURTHER ORDERED** that the Government's Motion is **DENIED AS MOOT** to the extent it seeks to preclude evidence of an alleged acquittal.

**IT IS FURTHER ORDERED** that the Government's Motion is **DEFERRED** as to McKoin's age and hearsay concerning the veracity of a witness.

MONROE, LOUISIANA, this 21st day of August, 2026.

Terry A. Doughty
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE